Hart, J.
The question presented is:
May the Tax Commissioner in determining the franchise tax on an Ohio corporation for profit, under Section 5495 et seq., G-eneral Code, include in the tax base the value of federal securities owned by the corporation, it being claimed that such inclusion in legal effect imposes an illegal tax upon such federal securities?
The corporations contend that the Tax Commissioner, by requiring the inclusion of federal securities in the franchise tax base, in legal effect imposed a tax upon those securities in violation not only of the federal law but also of the provisions of the statutes of the state under which the Tax Commissioner purported to make the assessment. On the other hand, the commissioner contends that a state may levy a franchise tax on domestic corporations for profit and may use the value of the authorized capital stock issued and outstanding of such corporations as a' measuring .stick to determine such tax without regard to the character of the property owned by the corporation which gives-value to the corporate shares, and that such a tax is not a tax upon the propertv itself.
Section'742, Title 31, U. S. Code, provides'as fol- • lows:
*587 “Except as otherwise provided by law, all stocks, bonds, treasury notes, and other obligations of the United States shall be exempt from taxation by.or,under state or municipal or local authority. ’ ’
The commissioner in his brief says:
“It is admitted that a tax might not be levied on federal securities as such, this being in conflict with federal law. It is further admitted that a tax which would have the same practical effect could not be levied under the guise of another name. The real test, then, is to determine whether the tax in question is a tax on federal securities.”
In New Jersey Realty Title Ins. Co. v. Division of Tax Appeals, 338 U. S., 665, 94 L. Ed., 439, 70 S. Ct., 413, a taxing district of New Jersey levied on the intangible personal property of a domestic corporation an assessment, in lieu of a franchise tax, based upon a percentage of the corporation’s paid-up capital and surplus less liabilities and computed without deducting the principal amount of certain United States bonds and accrued interest thereon. The Supreme Court of New Jersey, conceding that a direct tax could not be levied on United States bonds, took the view that although the assessment was one on the intangible property of the corporation, it was not an ad valorem or property tax but a tax on the net worth of the corporation and was, therefore, constitutionally permissible. The federal Supreme Court, by a seven to one decision, took the view that an assessment of tax on the domestic corporation based upon a percentage of its paid-up capital and surplus in excess of liabilities and computed without deducting the principal amount of United States bonds owned by the. corporation and interest accrued thereon is in conflict with the provision of Section 742, Title 31, U. S. Code, exempting obligations of the United States from taxation by or under state or municipal or local authority.
*588 The federal Supreme Court in that case cited as supporting its view the case of People, ex rel. Bank of Commerce, v. Commrs. of Taxes, 67 U. S. (2 Black), 620, 17 L. Ed., 451, which involved a tax levied upon the actual yalue of the capital stock, less the value of real estate, of a corporate taxpayer which had invested in United States securities all its assets other than its realty. In holding the tax invalid as an interference with the federal borrowing power, the court in that case rejected the contention that the tax could be sustained as a levy upon corporate capital represented by federal securities. The court in the New Jersey Realty Title Ins. Co. case, above cited, also called attention to Bank Tax Case, 2 Wall, 200, 17 L. Ed., 793, wherein the court, in considering taxes levied on “the amount of * * * capital stock paid in or secured to be paid in, and * * * surplus earnings” of banking corporations which had invested all or a large part of their capital in government securities, held:
“* * * when the capital * * * thus invested is made the basis of taxation of the institutions, there is great difficulty in saying that it is not the stock thus constituting the corpus or body of the capital that is taxed. It is not easy to separate the property in which the capital is invested from the capital itself.”
And the federal Supreme Court in the New Jersey case, which we have cited above,- observed:
“The section here in question was not considered as imposing a tax on privilege or franchise by either the New Jersey Legislature, or the taxing officers, or by any of the courts below. While-we are not limited by the state’s characterization of its tax * * * we likewise do not think the-assessment can be sustained as one levied on a corporate franchise. ’ ’
Let us now consider whether, under the provisions of the statutes of this state, as bearing upon their constitutionality, the federal securities in question are *589 excluded from the computation and assessment of the tax in question. The tax is levied by the provisions of Sections 5485 to 5524, inclusive, General Code.
Section 5495 is, in part, as follows:
‘ ‘ The tax provided by Sections 5485 to 5525, both inclusive, of the General Code, for domestic corporations shall be the fee charged against each corporation organized for profit under the laws of this state * * * except as provided herein, for the privilege of exercising its franchise during the calendar year in which such fee is payable * * (Italics supplied.)
Section 5495-2 provides for annual reports by domestic corporations and foreign corporations doing business in Ohio to the Tax Commissioner for taxation purposes, and Section 5497 specifies what such reports shall contain and disclose.
Section 5498 provides the method by which the value of outstanding shares of capital stock and intangible property shall be determined, and specifically provides :
“For the purpose of this act, the value of the issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of (a) property and reasonable reserves for depreciation, and depletion as determined by the Tax Commission [er], (b) taxes due and payable during the year for which such, report was made, (c) 'the item of goodwill as set up in the annual report of the corporation when said annual report is accompanied by certified balance sheet showing such item of goodwill carried as an asset on the books of the company * * * and (d) such further amount as upon satisfactory proof furnished by the corporation, the Tax Commission [er] may find . to represent the amount, if any, by which the value of the assets * * * *590 of the corporation as carried on its hooks exceeds the fair value thereof. * * *
“In determining the amount or value of intangible property, including capital investments, owned or used in this state by either a domestic or foreign corporation the commission[er] shall be „guided by the provisions of Section 5328-1 and 5328-2 of the General Code. * * *” (Italics supplied.)
Section 5328-1, General Code, to which attention is called in Section 5498 and by which the Tax Commissioner “shall be guided,” provides that “all moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title * * (Italics supplied.)
Section 5327-1, General Code (115 Ohio Laws, 554), provides:
“The terms ‘other taxable intangibles’ and ‘other intangible property’ as so used, include every valuable right, title or interest not comprised within or expressly excluded from any of the other definitions set forth in this chapter.” (Italics supplied.)
Section 5323, General Code (120 Ohio Laws, 112), provides:
“The term ‘investments’ as used in this title, includes the following:
“Shares of stock in corporations * * * under whatever laws organized or existing, excepting (1) those in such corporations and associations as constitute instrumentalities of the federal government for the taxation of which by the several states no provision is made by act of the Congress of the United States • * *
“Interest bearing obligations for the payment of money, such as bonds, certificates of indebtedness, *591 debentures and notes * * * and other similar evidences of indebtedness, whether negotiable or not, and whether or not secured by mortgage of or lien upon real or personal property or income, by whomsoever issued, excepting such as have been issued (1) by the United States or any of its territories, districts, or dependencies, or (2) by any instrumentality of the federal government * * V’ (Italics supplied.)
It clearly appears from an examination of these statutes that the General Assembly in determining the specific property which shall be included in the valuation of the corporate shares of the corporation subject to taxation was careful to provide for certain exceptions to such valuation. It directed that in making up the assessments the Tax Commissioner shall be guided by the provisions of Section 5328-1, General Code, which calls for the inclusion for taxation investments except as exempted. It also directed through Section 5323, General Code, that the term,' investments, shall not include obligations of instrumentalities of the federal government for which no provision for taxation by the states has been made by Congress, and shall not include evidences of indebtedness issued by the United States or by any instrumentalities of the federal government. These statutes are closely integrated, and being a part of the body of statute .law covering the subject of taxation as it appears in Chapters 1, 2 and 8 of Title I, Part II, of the General Code, must be read in pari materia, and, when so read, such statutes exclude federal securities from the determination of the franchise .tax.
In the instant cases, since there is a specific federal exemption of United States securities from taxation by the states and since these securities are clearly excluded from state taxation by the statutes of the state, the inclusion of the value of these securities *592 owned by the corporations in the tax base in determining their franchise tax assessments was improper and illegal.
The decisions of the Board of Tax Appeals are reversed and the Tax Commissioner is directed to recompute and reassess the franchise tax against the corporations in accordance with the views expressed in this opinion.

Decisions reversed.

Zimmerman, Stewart, Middleton and Matthias, JJ., concur.